**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

JORDAN ZITO,

Plaintiff,

v.

RENO JUSTICE COURT, *et al.*,

Defendants.

Case No. 3:26-CV-00611-MMD-CLB

**ORDER TO RESUBMIT SUMMONS**

[ECF No. 28]

The Court has now ordered Plaintiff Jordan Zito ("Zito") to submit proper summons on three occasions. (ECF Nos. 7, 12, 16.) The District Judge assigned to this case has also thrice denied Zito's appeals of the Court's orders to submit proper summons. (ECF Nos. 13, 18, 25.) However, Zito has again filed improper or incomplete proposed summons. (ECF No. 28.) In this most recent instance, Zito submitted 16 blank AO 440 Summons in a Civil Action forms. (*Id.*) Again, this filing does not constitute proper proposed summons.

Federal Rule of Civil Procedure 4(b) provides that "[o]n or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal." The Clerk must sign, seal, and issue the summons to the plaintiff for service on the defendant "[i]f the summons *is properly completed.*" *Id.* (emphasis added). The responsibility for filling in the summons falls on the plaintiff, not the Clerk of the Court. Fed. R. Civ. P. 4(b), Advisory Committee Note (1993). Moreover, even though Zito is a *pro se* litigant, Court may not engage in investigatory efforts on behalf of the parties to a lawsuit as this would improperly place the Court in the role of an advocate. *DeRoche v. Funkhouser*, No. CV 06-1428-PHX-MHM (MEA), 2008 WL 4277659, at *1 (D. Ariz. Sept. 16, 2008) (citing *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991) (holding that the court should not assume the role of advocate for a *pro se* litigant)). As an impartial decision maker, it is not a federal judge's role or responsibility to investigate a defendant's whereabouts so a

plaintiff may serve process. *Soto v. Harris*, No. CV 21-01792-PHX-DWL (CDB), 2022 WL 1541833, at *2 (D. Ariz. Mar. 22, 2022), *report and recommendation adopted,* 2022 WL 1540394 (D. Ariz. May 16, 2022). This degree of involvement "would undermine [trial] judges' role as impartial decision makers." *Id.* (quoting *Pliler v. Ford*, 542 U.S. 225, 231 (2004)). Consequently, the Court may not fill out the AO 440 Summons in a Civil Action forms for each Defendant on behalf of Zito. Rather, Zito must correctly fill out the summons himself.

Therefore, the Court now issues Zito **one final opportunity** to **RESUBMIT** a clean copy of the proposed summons, on the Court's AO 440 Summons in a Civil Action form, with an address listed for each Defendant in this case. The Court will again attach the AO 440 Summons in a Civil Action form to this order.

The Court has previously reminded Zito that all parties, including parties proceeding *pro se*, are required to follow the Federal Rules of Civil Procedure, the Court's Local Rules, and Court orders. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). The Court also specifically warned Zito that "a continued failure to follow the Court's Local Rules and the Rules of Civil Procedure will result in sanctions." (ECF No. 16 at 2 (emphasis original).) Thus, the Court now warns Zito that failure to comply with this *fourth* order to submit proper summons **will** result in a recommendation that his case be dismissed without prejudice for failure to comply with the Court's orders. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).

**IT IS SO ORDERED**.

**DATED**: September 24, 2026.

UNITED STATES MAGISTRATE JUDGE